

| | |
|---|---|
| **TO:** | Shelley Alleyne<br>Pricewaterhouse Coopers<br>PriceWaterhouse Coopers Center, 300 Madison Avenue<br>New York, NY 10017 |
| **RE:** | **Process Served in South Carolina** |
| **FOR:** | PricewaterhouseCoopers LLP  (Domestic State: DE)<br>*According to our records representation services for this entity have been discontinued in this jurisdiction.* |

# Service of Process Transmittal
03/05/2018
CT Log Number 532907093

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Shannon Ashford, Pltf. vs. PricewaterhouseCoopers LLP, Dft. |
| **DOCUMENT(S) SERVED:** | Cover Sheet, Summons, Complaint |
| **COURT/AGENCY:** | Richland County Court of Common Pleas, SC<br>Case # 2017CP4007226 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Columbia, SC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/05/2018 postmarked on 03/03/2018 |
| **JURISDICTION SERVED:** | South Carolina |
| **APPEARANCE OR ANSWER DUE:** | within 30 days after the service hereof, exclusive of the day of such service |
| **ATTORNEY(S) / SENDER(S):** | Shannon Ashford<br>22 New Holland Circle<br>Columbia, SC 29203<br>857-753-0539 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/06/2018, Expected Purge Date: 03/11/2018<br><br>Image SOP<br><br>Email Notification,  Patrice Edmonds  patrice.edmonds@us.pwc.com<br><br>Email Notification,  Ivan P. Stolze  ivan.p.stolze@us.pwc.com<br><br>Email Notification,  Shelley Alleyne  shelley.alleyne@us.pwc.com |
| **SIGNED:** | CT Corporation System |
| **ADDRESS:** | 2 Office Park Court<br>Suite 103<br>Columbia, SC 29223 |
| **TELEPHONE:** | 804-217-7255 |

Page 1 of  1 / MS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.





CT CORPORATION SYSTEM
2 OFFICE PARK COURT
SUITE 103
COLUMBIA, SC 29223

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND ) | |
| ) | |
| Shannon Ashford ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) ) | |
| ) | 2017-CP - 40- 07220 |
| vs. ) | |
| ) | |
| Pricewaterhousecoopers, LLP ) | |
| Defendant(s) ) | |

Submitted By: Shannon Ashford  
Address: 22 New Holland Circle  
Columbia, South Carolina 29203

SC Bar #:  
Telephone #: 803-754-8145  
Fax #:  
Other:  
E-mail: sashford@stanfordalumni.org

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)

*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.   ☐ NON-JURY TRIAL demanded in complaint.  
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.  
☒ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.  
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☒ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20___-CP-___-___ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | ☐ Other (799) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| | ☐ Sexual Predator (510) | | |

Submitting Party Signature: _/s/_   Date: 11/29/2017

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (04/2012)                                                                                                Page 1 of 2

## FOR MANDATED ADR COUNTIES ONLY

Allendale, Anderson, Beaufort, Clarendon, Colleton, Florence, Greenville, Hampton, Horry, Jasper, Lee, Lexington, Pickens (Family Court Only), Richland, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** You must comply with the Supreme Court Rules regarding ADR.
Failure to do so may affect your case or may result in sanctions.

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | |
| ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND ) | FIFTH JUDICIAL CIRCUIT |
| ) | |
| Shannon Ashford, ) | Civil Action No.: 2017 CP 40 _____ |
|       Plaintiff, ) | |
| ) | |
| vs. ) | **SUMMONS & COMPLAINT** |
| ) | **(JURY TRIAL DEMANDED)** |
| Pricewaterhousecoopers, LLP ) | |
|       Defendant/s. ) | |

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to said Complaint upon the subscriber at her Home (Shannon Ashford, 22 New Holland Circle, Columbia, South Carolina 29203) within 30 days after the service heereof, exclusive of the day of such service, and if you fail to answer within the prescribed time, a judgment by default will be rendered against you for the amount or other remedy requested in the attached Complaint plus interest and costs.

**Shannon Ashford**

_/s/ Shannon Ashford_
Shannon Ashford
22 New Holland Circle
Columbia, SC 29203

November 29, 2017

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND ) | FIFTH JUDICIAL CIRCUIT |
| Shannon Ashford, ) | Civil Action No.: 2017 CP 40 _____ |
| Plaintiff, ) | |
| ) | |
| vs. ) | COMPLAINT |
| ) | (JURY TRIAL DEMANDED) |
| Pricewaterhousecoopers, LLP ) | |
| Defendant/s. ) | |

Plaintiff, for her Complaint against Defendant, avers as follows:

## *INTRODUCTION*

1. This is a complaint authorized and instituted pursuant to the Federal Civil Rights Act of 1964, as amended (herein "Title VII"), 42 U. S. C. §2000 *et. seq.*.

## *PARTIES*

2. Plaintiff is an African American citizen of the United States and, at all times relevant herein, was a resident of the County of Richland, State of South Carolina.

3. Upon information and belief, Pricewaterhousecoopers, LLP. (Hereinafter PWC or Defendant) is a legal entity doing business in South Carolina organized in one of the United States.

4. Upon information and belief, Defendant employs/employed (during the relevant period) in excess of 500 employees.

## *JURISDICTION AND VENUE*

5. The unlawful conduct alleged in this Complaint was committed in Richland County, South Carolina.

6. Plaintiff has satisfied all agency, administrative and judicial prerequisites to the institution of this action.

1

7. Subject matter jurisdiction is proper in this Court under the following statutes: Section 15-7-10 et seq. (As amended) the Code of Laws for South Carolina and relevant case law. 42 U. S. C. §2000 (e), *et. seq.* (5 USCA §706) and relevant case law.

## *FACTUAL BACKGROUND*

8. Plaintiff was hired by Defendant in or about April of 2015. She worked in the Columbia office and performed to or beyond the legitimate expectations of her employer, Defendant.

9. In or about October of 2015, Plaintiff informed management of her concerns about discrimination.

10. In June of 2016, she became eligible for but was denied a general promotion. Further, her annual evaluation was inconsistent and not consistent with her performance, work product or effort. Based on statements, demeanor and other observations, Plaintiff became further concerned that she was being treated differently and negatively by her immediate management.

11. In July of 2016, she applied for a position/opportunity, for which she was well qualified and such position went to, upon information and belief, a less qualified white candidate.

12. In September of 2016 she again applied for a position for which she was well qualified and still has not received an answer regarding this position.

13. In March of 2017, Plaintiff applied for Senior Associate (Healthcare). Plaintiff was, upon information and believe the most qualified candidate by experience and education but she was not offered this position and such position was changed to a non senior level position.

14. Upon her second anniversary and eligibility for general promotion (June of 2017) Plaintiff was again denied a promotion.

15. Plaintiff, unable to have her issues and concerns addressed, filed an EEO charge based on racial and retaliatory discrimination.

16. Plaintiff continued to apply for positions/opportunity and promotions which would hopefully allow her to move up in the organization commensurate with other similarly situated employees.

17. Plaintiff continued to be denied positions, open for application, for which she was well qualified and lost the positions to less qualified white employees.

## FOR A FIRST CAUSE OF ACTION/(VIOLATION OF 42 U. S. C. §2000e, /Retaliation)

18. Plaintiff incorporates by reference paragraphs 1 through 17 as though fully set forth herein.
19. During all relevant times herein, Plaintiff and Defendant satisfied the Title VII definition of employee and employer.
20. Plaintiff reported to her employer that she was concerned there was or may be discrimination (racial bias or disparate treatment on that basis) to senior managers. No actions were taken and her employment environment became much worse.
21. Such reports relating to her concern of discrimination and bias and disparate treatment were made in good faith and made with objective and subjective information.
22. Defendant failed to promote Plaintiff to positions for which she was the most qualified because of her good faith complaints, inquiries, charges, grievances, and/or claims.
23. As a direct and proximate result of the failure to promote and due to Defendant's reckless, willful and intentional acts of discriminatory treatment and retaliation, Plaintiff has experienced severe emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, increased medical expenses, past, present and future loss of income, and other economic and non-economic damages including direct and consequential damages.
24. Plaintiff has no plain, adequate or complete remedy at law to correct Defendant's unlawful discrimination and seeks injunctive relief as his only means of securing full relief from Defendant's unlawful conduct.

**WHEREFORE**, Plaintiff requests that this Court:
    A.    Award Plaintiff backpay, with interest thereon, from the date of discharge until the Plaintiff is restored to a rightful position with commensurate wages and benefits;
    B.    Award Plaintiff compensatory and punitive damages in an amount to be determined by a jury, but not less than $300,000 pursuant to 42 U. S. C §1981a for Defendant's discriminatory conduct, race discrimination and retaliation, against her;

  C. Permanently enjoin Defendant, their agents, officers and employees from engaging in all practices found by this Court to be in violation of 42 U. S. C. §2000e *et. seq.*;

  D. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees, pursuant to 42 U. S. C. §1988 and 2000e-5 (k);

  E. Award such other and further relief as this Court may deem just and proper.

**FOR A SECOND CAUSE OF ACTION/(VIOLATION OF 42 .S.C.§2000e and 42 U.S.C. §1981 Race Discrimination)**

25. Plaintiff incorporates by reference paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is an African American (Black American). At all relevant times herein, Plaintiff and Defendant satisfied the Title VII definition of employee and employer.

27. Plaintiff was treated by her manager in a disparate manner as opposed to similarly situated white employees. Plaintiff notified her employer of such disparate treatment.

28. Plaintiff was denied general and specific promotions for which she was well qualified without cause, upon information and believe, in whole or in causative part because she was African American. Such denials, based on race, discriminate in contract.

29. Such failure to promote and allow Plaintiff to move up as other similarly situated employees have within the organization is an adverse employment action under the law and caused damages recognized by the Act.

30. Plaintiff has no plain, adequate or complete remedy at law to correct Defendant's unlawful discrimination and seeks injunctive relief as his only means of securing full relief from Defendant's unlawful conduct.

**WHEREFORE**, Plaintiff requests that this Court:

  A. Award Plaintiff backpay, with interest thereon, from the date of discharge until the Plaintiff is restored to a rightful position with commensurate wages and benefits;

  B. Award Plaintiff compensatory and punitive damages in an amount to be determined by a jury, but not less than $300,000 pursuant to 42 U. S. C §1981a for Defendant's discriminatory conduct, race discrimination and retaliation, against her;

  C. Permanently enjoin Defendant, their agents, officers and employees from engaging

4

in all practices found by this Court to be in violation of 42 U. S. C. §2000e *et. seq.*;

D.  Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees, pursuant to 42 U. S. C. §1988 and 2000e-5 (k);

E.  Award such other and further relief as this Court may deem just and proper.

Shannon Ashford
22 New Holland Circle
Columbia, SC 29203

(857) 753-0539

Shannon Ashford

November 29, 2017